UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: 08-20637-CIV-MORENO

AT&T MOBILITY LLC and AT&T MOBILITY
II LLC,

    Plaintiffs,

vs.

MIRANDA HOLDINGS CORP. d/b/a
INCOMTEL; HOME SECRETS CORP.; JOSUE
LEON; JOHN DOES 1-50; XYZ COMPANIES
1-50,

    Defendants.
_____/



**FINAL JUDGMENT AND PERMANENT INJUNCTION AGAINST DEFENDANTS**

THIS CAUSE came before the Court upon the Parties' Stipulation for Entry of Final Judgment and Permanent Injunction Against Defendants **(D.E. No. 50)**, filed on **July 1, 2008**. Plaintiffs AT&T Mobility LLC and AT&T Mobility II LLC (collectively "AT&T"), brought the above-captioned lawsuit against Defendants Miranda Holdings Corp., a Florida corporation, d/b/a Incomtel, Jeremy Lara, individually and d/b/a Incomtel, Home Secrets Corp., and Josue Leon (collectively referred to as "Defendants"), alleging that Defendants are engaged in an unlawful enterprise involving the acquisition, sale, and alteration of large quantities of AT&T and GoPhone® branded wireless telephones ("GoPhones" or "Phones") purchased from retail outlets, the solicitation and payment of others to bulk purchase Phones for Defendants' benefit, computer hacking and erasing or otherwise disabling software installed in the Phones essential for consumers to access AT&T's prepaid wireless network, or selling the Phones to others who

disable the software, and ultimately selling or facilitating the ultimate sale of the altered Phones as new under the AT&T trademarks for unauthorized use outside of the AT&T wireless system for profit (the "Bulk Resale Venture").

AT&T GoPhones are sold subject to terms and conditions ("Terms and Conditions") which conspicuously restrict and limit the sale and use of the GoPhones. These Terms and Conditions are set forth in printed inserts that are included in the packaging with every AT&T GoPhone and are posted on AT&T's website. The Terms and Conditions and language on the GoPhone packaging constitute a valid binding contract.

AT&T asserts that Defendants have violated the Terms and Conditions by, *inter alia*, purchasing AT&T GoPhones with the intent that such phones will not be activated and used on AT&T's service, but instead with the intent to improperly unlock, repackage, and resell the phones, and by otherwise using the GoPhones.

As a result of Defendants' alleged involvement in the Bulk Resale Venture, AT&T asserted claims for breach of contract; federal trademark infringement and false advertising under 15 U.S.C. § 1125(a)(1)(A) and (B); unfair competition under Florida common law; contributory trademark infringement; tortious interference with business relationships and prospective advantages; unfair competition, unconscionable acts or practices, and/or unfair or deceptive acts or practices in violation of section 501.204, Florida Statutes; civil conspiracy; unjust enrichment; and conspiracy to induce breach of contract. As to Defendant Leon, AT&T does not allege intentional acts.

Based on the respective positions advocated by the parties and having reviewed the Complaint and file and being otherwise duly and fully advised in the premises, it is hereby

**ORDERED**, **ADJUDGED** and **DECREED** that:

1.  This Court has jurisdiction over all the parties and all of the claims set forth in AT&T's complaint.

2.  The Court finds that AT&T has the right to use and enforce said rights in the stylized AT&T and GOPHONE marks, which are used in connection with telecommunications products and services, as depicted below:



AT&T uses the AT&T Marks on and in connection with its telecommunications products and services. The AT&T and GOPHONE marks are valid, distinctive, protectable, famous, have acquired secondary meaning, and are associated exclusively with AT&T.

3.  The Court finds that Defendants' involvement in the Bulk Resale Venture constitutes breach of contract; federal trademark infringement under 15 U.S.C. § 1125(a)(1)(A) and (B); unfair competition under Florida common law; contributory trademark infringement; tortious interference with business relationships and prospective advantages; unfair competition, unconscionable acts or practices, and/or unfair or deceptive acts or practices in violation of section 501.204, Florida Statutes; civil conspiracy; unjust enrichment; and conspiracy to induce breach of contract.

4.  The Court finds that the Terms and Conditions and the language on the GoPhone packaging constitute a valid binding contract enforceable against Defendants. The Court finds that (a) facilitating others to use GoPhones in conjunction with service providers other than AT&T,

and (b) tampering with or altering, or facilitating or assisting others to tamper with or alter, GoPhones or the GoPhones' software constitute independent breaches of contract for which AT&T is entitled to relief.

5.  The Court further finds that Defendants' participation in the Bulk Resale Venture has caused substantial and irreparable harm to AT&T for which there is no adequate remedy at law, and will continue to cause substantial and irreparable harm to AT&T unless enjoined.

6.  On review and consideration of all relevant factors, AT&T is entitled to damages and injunctive relief on the claims as set forth in the Complaint.

7.  Final judgment is hereby entered, jointly and severally, against Defendants Miranda Holdings Corp., a Florida corporation, d/b/a Incomtel, Jeremy Lara, individually and d/b/a Incomtel, Home Secrets Corp., and Josue Leon and in favor of the Plaintiffs AT&T Mobility LLC and AT&T Mobility II LLC, on all claims as set forth in AT&T's complaint in the principal amount of FIVE MILLION DOLLARS AND ZERO CENTS ($5,000,000.00), which shall bear interest at the legal rate, for which let execution issue forthwith. Judgment against Josue Leon does not include a finding of intent or malice and does not include any claim for an intentional tort.

8.  If, after the Judgment is satisfied, it is discovered that the parties to this action have violated the terms of this Permanent Injunction, the Court will order the payment of compensatory damages to AT&T in the amount of FIVE THOUSAND DOLLARS AND ZERO CENTS ($5,000.00) for each AT&T handset that a Defendant is found to have purchased, sold or unlocked in violation of the Injunction. The Court finds that these amounts are compensatory and reasonable estimations of the minimum damages suffered by AT&T for such a breach and will serve to compensate AT&T for its losses in the event a Defendant violates the terms of this

Permanent Injunction after the monetary portion set forth in paragraph 6 of this Final Judgment has been satisfied.

9. Miranda Holdings Corp. d/b/a Incomtel, Jeremy Lara, individually and d/b/a Incomtel, Home Secrets Corp., and Josue Leon, and each and all of his, her and its past and present respective officers, directors, successors, assigns, parents, subsidiaries, affiliates, related companies, predecessors-in-interest, agents, employees, heirs, personal representatives, beneficiaries, relatives, and all other persons or entities acting or purporting to act for him/her/it or on his/her/its behalf, including but not limited to any corporation, partnership, proprietorship or entity of any type that is in any way affiliated or associated with any Defendant or any Defendant's representatives, agents, assigns, parent entities, employees, independent contractors, associates, servants, affiliated entities, and any and all persons and entities in active concert and participation with any Defendant who receive notice of this Order, shall be and hereby are PERMANENTLY ENJOINED from:

> a. purchasing and/or selling any wireless mobile phone that they know or should know bears any AT&T or GoPhone Trademark, any other trademark owned or used by AT&T. Specifically, unless expressly authorized by AT&T in writing, Defendants are enjoined from purchasing and/or selling, directly or indirectly, all models of GoPhones currently offered for sale by AT&T or that may be offered for sale in the future, as listed and updated from time to time on AT&T's website: http://www.att.com, regardless of whether such devices are in or out of their original packaging, or whether "locked," "unlocked," or otherwise modified in any

      way by any person except for Phones that were legitimately purchased at an AT&T or manufacturer auction.

    b. unlocking of any GoPhone;

    c. accessing, altering, erasing, tampering with, deleting or otherwise disabling the software contained in any GoPhone;

    d. facilitating or in any way assisting other persons or entities who Defendants know or should know are engaged in unlocking GoPhones and/or hacking, altering, erasing, tampering with, deleting or otherwise disabling the software installed in GoPhones;

    e. facilitating or in any way assisting other persons or entities who Defendants know or should know are engaged in any of the acts prohibited under this Permanent Injunction, including, without limitation, the buying and/or selling of unlocked GoPhones; and

    f. knowingly using the AT&T or GoPhone Marks or any mark owned or used by AT&T, or that is likely to cause confusion with AT&T's marks, without AT&T's prior written authorization.

10. The address of Defendant Miranda Holdings Corp., a Florida corporation, d/b/a Incomtel is 10900 NW 21st Street, Suite 170, Miami, Florida 33172.

11. The address of Defendant Jeremy Lara, individually and d/b/a Incomtel is 10900 NW 21st Street, Suite 170, Miami, Florida 33172.

12. The address of Defendant Home Secrets Corporation, a Florida corporation, is 7962 N.W. 116th Street, Miami, Florida 33178.

13. The address of Defendant Josue Leon is 7962 NW 16th Street, Miami, FL 33178.

14. The address of Plaintiffs AT&T Mobility LLC and AT&T Mobility II LLC is 5565 Glenridge Connector, Suite 1700, Atlanta, GA  30342.

15. The Court retains jurisdiction over this matter and the parties to this action in order to enforce any violation of the terms of this Permanent Injunction by a finding of contempt and an order for payment of compensatory damages to AT&T in accordance with paragraph 7 of this Judgment.

16. The prevailing party in any proceeding to enforce compliance with the terms of this Permanent Injunction shall be entitled to an award of its attorneys' fees and costs.

17. This case is now CLOSED.  All pending motions are DENIED as moot.

DONE AND ORDERED in Chambers at Miami, Florida, this 9th day of July, 2008.

_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies provided to:

Counsel of Record